UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JEREMIAH BALLEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CV-490-RLJ-HBG |
| | ) |
| KNOX COUNTY, | ) |
| SGT. KIDD, | ) |
| RONNIE LEE, | ) |
| OFFICER CRAIN, | ) |
| CPL. HARVEY, | ) |
| OFFICER POTTER, | ) |
| OFFICER HAMLIN, | ) |
| OFFICER MOORE, | ) |
| OFFICER SMITH, | ) |
| OFFICER HALL, and | ) |
| OFFICER THORNBERRY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Defendants Knox County ("County") and Officers Kidd, Lee, Crain, Harvey, Potter, Hamlin, Moore, Smith, Hall, and Thornberry ("Individual Officers") have filed motions for summary judgment in this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Docs. 43 and 44].[1] Plaintiff has not responded to the motions, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED** to Defendants.

---

[1] The County and Individual Officers filed motions to dismiss [Docs. 43 and 44] that the Court converted to motions for summary judgment [Doc. 45]. Thereafter, Defendants filed supplemental memorandums and proof in support of their respective motions [Docs. 47 and 48].

### I. PLAINTIFF'S RELEVANT ALLEGATIONS

Plaintiff maintains that while he was housed at the Knox County Detention Facility ("KCDF"), he was placed at risk for contracting Covid-19 due to the Individual Officers' refusal to wear proper personal protective equipment ("PPE") or follow social distancing guidelines, and that he contracted the flu as a result of the unsanitary conditions at the facility [*See, generally*, Doc. 1]. He asks the Court to award him monetary damages and protect him from retaliatory conduct by Defendants [*Id.* at 3, 5].

### II. SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quotation marks omitted).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th

Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

### III. LAW & ANALYSIS

The Individual Officers claim an entitlement to summary judgment (1) due to Plaintiff's failure to exhaust his available administrative remedies under the Prison Litigation Reform Act ("PLRA") prior to filing suit, (2) due to Plaintiff's failure to establish that he suffered more than a *de minimis* physical injury, and (3) on the basis of qualified immunity [Docs. 44 and 47]. The County argues for the grant of summary judgment (1) due to Plaintiff's failure to establish a claim against it under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and (2) Plaintiff's failure to establish that the County caused more than a *de minimis* physical injury [Docs. 43 and 48].

#### A. "Physical Injury"

In order "to recover compensatory and punitive damages under the PLRA, it is not enough to establish an Eighth Amendment violation. A prisoner must also establish a "physical injury, meaning an injury that is more than *de minimis*." *Pierre v. Padgett*, No. 18-12276, 2020 WL

3

1650656, at *4 (11th Cir. Apr. 3, 2020) (internal quotation marks omitted); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("[E]ven though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward."); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Here, Plaintiff fails to allege that he actually contracted Covid-19, and therefore, he has not alleged any cognizable injury due to the Defendants' alleged failure to wear and/or enforce a mask policy.

Conversely, Plaintiff **does** allege that he contracted the flu as a result of the unsanitary conditions in his cell. However, courts have routinely found that illnesses such as the flu are not greater than *de minimis* injuries. *See, e.g., Quinlan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (finding pretrial detainee's complaints of headaches, difficulty breathing, temporary chest pain, and lingering back pain were not greater than *de minimis*); *Johnson v. Runnels*, No. 2:04-cv-776, 2013 WL 3940884 (E.D. Cal. July 30, 2013) (holding coughing, sneezing, severe headaches, body aches, and throat pain not more than *de minimis* injuries); *Hall v. Plumber Official*, No. 10-20814, 2011 WL 1979721, at *14 (S.D. Fla. Apr. 26, 2011) (finding allegations of dehydration, severe diarrhea, chest pain, abdominal pain, bleeding gums, and constant pain – among other ailments – did not show an injury greater than *de minimis*); *Bryant v. Lafourche Par. Det. Ctr.*, No. CIV.A. 09-7345, 2010 WL 1978789, at *5 (E.D. La. Apr. 23, 2010), *report and recommendation adopted,* No. CIV.A. 09-7345, 2010 WL 1980207 (E.D. La. May 14, 2010) (holding flu-like symptoms are *de minimis* injuries and summarizing cases finding same). Accordingly, Plaintiff has failed to establish that he suffered a sufficient physical injury to sustain a claim for damages under the PLRA.

### B. *Monell* Liability

Further, Plaintiff has failed to set forth any basis of liability against the County. It is well settled law that a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, a local governmental unit may be liable for civil damages in a § 1983 action when the execution of a governmental policy or the toleration of a custom causes the deprivation of a constitutionally protected right. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691).

The summary judgment evidence demonstrates that in response to the Covid-19 pandemic, the County promulgated a "Pandemic Response Plan" [Doc. 48-1]. That plan required all KCDF personnel to be screened for Covid-19 prior to entering the building, required staff to wear appropriate PPE (including a mask), encouraged social distancing, required officers to provide cleaning supplies to inmates, and required inmates to wear masks [*Id.*]. After this lawsuit was filed, the facility investigated and issued appropriate disciplinary warnings against officers who failed to comply with the plan [Doc. 48-2]. Thus, the County had a policy regarding Covid-19 that implemented the suggested protocols of both the Center for Disease Control and the Tennessee Department of Health. Appropriate warnings were issued by the County when it was determined that these protocols were not followed. Accordingly, the County is entitled to summary judgment as to Plaintiff's claim that the County's policy or procedure regarding Covid-19 violated his constitutional rights.[2]

---

[2] The Court otherwise notes that a municipality cannot be at fault "rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established." *Hagans v. Franklin Cnty. Sheriff's Office*, 695 F.3d 505, 511 (6th Cir. 2012) (citation omitted). Plaintiff has not demonstrated that he had a clearly established constitutional right to be free from being around an unmasked officer on October 23, 2020, and therefore, the County cannot be liable for any such claim.

Further, as to Plaintiff's claim that he was placed in a dirty cell and caught the flu do not state a constitutional claim, as set forth above. For a municipality to be liable under 42 U.S.C. § 1983, a plaintiff must show harm "caused by a constitutional violation." *Lee v. Metro Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 449 (6th Cir. 2011). As Plaintiff has not demonstrated a constitutional claim regarding the cleanliness of his cell, the County is entitled to an order dismissing Plaintiff's claims against it.

### C. Qualified Immunity

Although not necessary to the disposition of this matter, the Court otherwise notes that the Individual Defendants have pled the defense of qualified immunity. Qualified immunity protects governmental employees from individual, civil liability as long as their conduct does not violate clearly established "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). An evaluation of qualified immunity requires the Court to conduct a three-pronged inquiry: (1) whether there was a constitutional violation; (2) whether the violated right was "clearly established;" and (3) whether the official's actions were objectively unreasonable. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Dickerson v. McClellan*, 101 F.3d 1151, 115758 (6th Cir. 1996)).

For a right to be clearly established, "at the time of the officer's conduct, the law [must have been] sufficiently clear such that 'every reasonable official would understand what he is doing is unlawful.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (other quotation marks omitted) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Thus, once qualified immunity has been pleaded by a defendant, the plaintiff bears the burden of rebutting the defense by showing both "that the challenged conduct violated a constitutional or statutory right, and that the right was so clearly established at the time of the conduct 'that every reasonable official would

6

Case 3:20-cv-00490-RLJ-HBG   Document 51   Filed 07/30/21   Page 6 of 8   PageID #: 261

have understood that what he [was] doing violate[d] that right.'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *Ashcroft*, 563 U.S. at 741). The existing precedent "must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citation omitted). Once the defense is invoked, "the plaintiff bears the burden to show that qualified immunity is inappropriate." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013).

Here, Plaintiff has failed to respond at all to the Individual Officers' invocation of qualified immunity, and therefore, he has failed to demonstrate it is inappropriate. Moreover, Plaintiff has failed to demonstrate that it was clearly established on October 23, 2020 that the failure of an officer to wear a mask violates the Constitution. Finally, as the Court previously noted, Plaintiff has not alleged an injury of constitutional proportions due to the Individual Defendants' (in)actions regarding the cleanliness of Plaintiff's cell. Accordingly, the Individual Officers are entitled to dismissal from this action.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment [Docs. 43 and 44] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED WITH PREJUDICE**.[3]

---

[3] Because Defendants are otherwise entitled to dismissal, the Court declines to address the Individual Defendants' argument that they are entitled to dismissal for Plaintiff's failure to exhaust his administrative remedies under the PLRA.

The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Therefore, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge